UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE FIDELITY HOLDINGS : 
SECURITIES LITIGATION : CV 00 5078 (CPS) (VVP)
:
---
:
THIS DOCUMENT RELATES TO :
ALL ACTIONS :
:
---

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT
JUN 3 2004
TIME P.M. __ A.M. __  N.Y.

## [PROPOSED] CLASS DISTRIBUTION ORDER

**WHEREAS**, on March 10, 2003, the Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement, dated November 27, 2002 ("the Stipulation"), in the above-captioned consolidated class action; and

**WHEREAS**, the Court has directed the parties to consummate the terms of the Stipulation; and

**WHEREAS**, the Court has retained exclusive jurisdiction over all matters relating to this action, including the administration, interpretation, effectuation, or enforcement of the Stipulation, including any application for fees and expenses incurred in connection with prosecuting the action and in administering and distributing the Settlement proceeds to the members of the Class.

**NOW, THEREFORE**, upon reading and filing the Declaration of Howard T. Longman of Stull, Stull & Brody, Plaintiffs' Lead Counsel (the "Longman Decl."), the affidavit of Stephen J. Cirami (the "Cirami Affidavit"), Director of Operations of The Garden City Group, Inc. (the "Claims Administrator"), annexed thereto, and upon all prior proceeding heretofore had herein and after due deliberation, it is hereby,

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the printout of accepted claims submitted with and described in the Cirami Affidavit, including claims submitted after April 21, 2003, be and the same are hereby approved and said claims are hereby accepted; and it is further,

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims submitted with and described in the Cirami Affidavit be and hereby are approved, and said claims are hereby rejected; and it is further,

**ORDERED**, that the balance of the Net Settlement Fund after deducting the payments previously allowed and the payments set forth herein shall be distributed to the eligible claimants (both timely claimants and late, but otherwise valid claims submitted after April 21, 2003) as listed on the printouts submitted with the Cirami Affidavit in proportion to the recognized claim allocable to each such eligible claimant as shown on such printouts; and it is further,

**ORDERED**, that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and contact any eligible claimant who has not cashed his, her, or its check within said time; and it is further,

**ORDERED**, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further,

**ORDERED**, that, after one year after the initial distribution of the Net Settlement Fund to eligible claimants, and after appropriate efforts have been made to have the eligible claimants

cash their checks, the Claims Administrator is authorized, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, to eligible claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their recognized claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution; and it is further,

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order; and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that the application for the payment of fees and the reimbursement of expenses, in the amount $92,264.38 incurred by the Claims Administrator for services rendered, or to be rendered, in connection with the administration of the Settlement, as detailed in the Cirami Affidavit, is hereby approved and payment of the foregoing shall be made from the

3

Settlement Fund prior to distribution to the members of the Class; and it is further

ORDERED, that this Court shall retain jurisdiction over any further application or matter that may arise in connection with this action; and it is further,

ORDERED, that no claim submitted after May 11, 2004, may be accepted for any reason whatsoever.

Dated: Brooklyn, New York
       June 2, 2004

_____
VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE